**O**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD PICK, | Case No. 2:20-cv-08011-JWH-PVCx |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF No. 14]** |
| MOTOROLA SOLUTIONS, INC., a Delaware Corporation; FEDERAL BUREAU OF INVESTIGATION; EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEY'S OFFICE; and, UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF ILLINOIS, | |
| Defendants. | |

1    At first blush, this case appears to involve an exasperated plaintiff who

2    seeks the production of federal agency documents to which he is apparently

3    entitled under the Freedom of Information Act ("FOIA").  But on closer

4    inspection, this case actually concerns the Federal Rules of Civil Procedure;

5    specifically, whether the government's customary approach to adjudicating

6    FOIA actions takes precedence over the Federal Rules.  The Court now holds

7    that it does not.

8    For more than two years, Plaintiff Harold Pick sought documents from

9    the Federal Bureau of Investigation and the United States Attorney's Office for

10   the Northern District of Illinois (the "USAO").  Pick initially submitted his

11   FOIA request to the government in December 2019.  In September 2020, after

12   10 months of back-and-forth communications and negotiations with those two

13   agencies and with the Department of Justice's Office of Information Policy (the

14   "OIP"), Pick filed this action in this Court.[1]  Two-and-a-half months after that,

15   Pick filed the instant motion for partial summary judgment, asking this Court to

16   compel the USAO to produce the documents that Pick seeks through his

17   underlying FOIA request.[2]  Defendants responded that Pick's Motion is

18   premature.[3]

19   Pick's Motion has now been pending before this Court for more than a

20   year.  The Court has conducted multiple hearings, affording Defendants ample

21   time to meet their self-imposed deadlines to comply with Pick's FOIA request.

22   And yet, during the most recent hearing held on December 10, 2021, the USAO

23   admitted that tens of thousands of pages still remain to be produced.  Despite

24   that fact (or perhaps because of it), Defendants maintain that it is still too early

25   for the Court to render a decision on Pick's Motion.

26   

27   [1]   *See generally* Compl. (the "Complaint") [ECF No. 1].

     [2]   Pl.'s Mot. for Partial Summ. J. (the "Motion") [ECF No. 14].

28   [3]   Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 28] 1:3-5.

After considering the papers filed in support and in opposition,[4] as well as the arguments of counsel during multiple hearings, the Court orders that the Motion is **GRANTED in part** and **DENIED in part**, as explained herein.

## I.  BACKGROUND

**A.   History of Pick's FOIA Request**

**1.      The Events That Led to Pick's FOIA Request**

Harold Pick previously operated a radio-servicing shop, which was the subject of an FBI raid in 2004.[5]  That raid was prompted by Pick's (allegedly unsuspecting) involvement with a convicted conman, Nicholas DeLuca. DeLuca was ultimately charged with stealing radio parts from Defendant Motorola Solutions, Inc.[6]  Although Pick was never charged with a crime, Motorola subsequently sued him for copyright infringement.[7]  Pick suspects that the FBI gave to Motorola the hard drives that the FBI confiscated from Pick during the raid.[8]  Those hard drives formed the evidentiary basis for Motorola's civil lawsuit against Pick:  *Motorola v. Pick*, Case No. 2:04-cv-2655 (C.D. Cal.)

---

[4]      The Court considered the following papers:  (1) First Am. Compl. (the "Amended Complaint") [ECF No. 13]; (2) the Motion (including its attachments); (3) Suppl. Briefing by Pl. Regarding the USAO Defs.' November 30, 2020, FOIA Response ("Pick's November 2020 Supplemental Brief") [ECF No. 25] (4) the Opposition (including its attachments); (5) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 30]; (6) Government Defs.' Status Report (the "February 2021 Status Report") [ECF No. 35]; (7) Suppl. Mem. in Supp. of the Motion ("Pick's April 2021 Supplemental Brief") [ECF No. 39]; (8) Joint Report on the Motion (the "July 2021 Status Report") [ECF No. 54]; (9) Government Defs.' Unilateral Status Report (the "September 2021 Status Report") [ECF No. 71]; (10) Pl.'s Suppl. Mem. Regarding Issues Raised at Nov. 19, 2021, Hr'g [ECF No. 85-1]; and (11) Defs.' Response to Pl.'s Sur-Reply [ECF No. 87].

[5]      Motion 1:3-7.

[6]      *Id.* at 7:13-27.

[7]      *Id.* at 1:7-2:6.

[8]      Amended Complaint ¶¶ 44-50.

1    (the "Motorola Lawsuit").[9]  Pick lost the Motorola Lawsuit, and a judgment for

2    $1.2 million was entered against him.[10]

3         In December 2019, Pick filed a FOIA request with the USAO and with the

4    FBI,[11] through which he seeks documents and records concerning the FBI's

5    alleged assistance to Motorola in connection with the Motorola Lawsuit.[12]

6         **2.    The USAO's Initial Response to Pick's FOIA Request**

7         Both agencies rejected Pick's FOIA request.  The USAO raised FOIA

8    Exemptions (b)(6) and (b)(7)(C), which concern invasions of personal privacy,[13]

9    and the FBI asserted that it had no records.[14]  Pick appealed those rejections to

10   the OIP.[15]

11        In April 2020, the OIP granted Pick's appeal and remanded the matter to

12   Defendant the Executive Office of the USAO (the "EOUSA") for further

13   handling.[16]  According to Pick, the OIP agreed that the invasions into Pick's

14   constitutional rights outweighed any residual privacy associated with DeLuca's

15   guilty plea that led to his conviction.[17]  However, the EOUSA claimed that it had

16   no record of receiving the OIP's remand order concerning Pick's FOIA request

17

18   _____

19   [9]      *Id.* at ¶ 51.

     [10]     *Id.* at ¶ 59.

20   [11]     *Id.* at ¶ 76.

21   [12]     Federal Defs.' Statement of Genuine Disputes of Material Facts in Opp'n
     to the Motion ("Defendants' SSUF") [ECF No. 28-1] ¶ 23.

22   [13]     *Id.* at ¶ 8.  FOIA's mandate regarding disclosure does not apply to
23   "matters that are . . . (6) personnel and medical files and similar files the
     disclosure of which would constitute a clearly unwarranted invasion of personal
24   privacy; (7) records or information compiled for law enforcement purposes, but
     only to the extent that the production of such law enforcement records or
25   information . . . (C) could reasonably be expected to constitute an unwarranted
     invasion of personal privacy."  5 U.S.C. § 552(b)(6) & (7)(C).

26   [14]     Amended Complaint ¶ 78.

27   [15]     *Id.* at ¶ 79.

     [16]     *Id.* at ¶ 84.

28   [17]     Motion 20:11.

at or about that time.[18]  As a result of that alleged mishap, Pick heard nothing

more from either the EOUSA or the USAO (at least, not until ***after*** he filed this

action).[19]

### 3.    The FBI's Initial Response to Pick's FOIA Request

In August 2020, the OIP informed Pick that the FBI had no records and

therefore could not produce any documents on remand.[20]  In response, Pick

contacted an FBI field office in Detroit.[21]  Those efforts resulted in the FBI's

immediate production of a relevant two-page document.[22]  In view of that

speedy document production, Pick deemed the OIP's August 2020

communique "unreasonable."[23]  Pick commenced this case the next day.[24]

### 4.    Defendants' Production Efforts to Date

Pick filed the instant Motion on November 16, 2020.[25]  Two weeks later,

the EOUSA issued a FOIA Response letter purporting to provide a full release

of all responsive records, although Pick contends that it was ***not*** a full release.[26]

This Court conducted its first hearing on the Motion on January 8, 2021.[27]

In accordance with this Court's direction, the EOUSA filed a status report in

---

[18]    *See* July 2021 Status Report 4:13-17.

[19]    Amended Complaint ¶ 85.  It is undisputed that the next communication that Pick received from the EOUSA was a letter to Pick's attorney, dated October 16, 2020, stating "[t]his request was opened upon notification that the Office of Information Policy has remanded your prior request for processing." Defendants' SSUF ¶ 18.

[20]    Amended Complaint at ¶¶ 86-88; Defendants' SSUF ¶ 31.

[21]    Defendants' SSUF ¶ 36.

[22]    Amended Complaint ¶¶ 89-93.  Defendants say that they dispute some of those allegations "in part," but they fail to specify what is disputed or why.  *See* Defendants' SSUF ¶¶ 36-38.  Accordingly, the Court will treat those facts as undisputed.

[23]    Motion 10:24.

[24]    *See generally* Complaint.

[25]    *See generally* Motion.

[26]    *See generally* Pick's November 2020 Supplemental Brief.

[27]    Unless otherwise indicated, all subsequent dates are in 2021.

1   February stating that it had found even more responsive documents and that it

2   set a goal to process all of the relevant documents in 45 days.[28]

3       On March 19, the EOUSA furnished what Pick characterized as "a good-

4   faith, nonfrivolous First Interim Response."[29]  Pick even offered to withdraw his

5   Motion if the EOUSA's Final Response was sufficient.[30]

6       Despite that momentary glimpse of an amicable resolution of this action,

7   the situation soured by the summer.  In July, Pick expressed frustration that "no

8   Illinois records have been released other than two search warrants" that the

9   EOUSA had provided back in March.[31]  After an August hearing in this Court,

10  the EOUSA filed a September status report, stating it needed at least ***14 more***

11  ***months*** to process and review documents potentially responsive to Pick's FOIA

12  request.[32]

13  **B.    Procedural History**

14      Pick's operative Complaint asserts three claims for relief:  (1) action to

15  vacate a judgment; (2) FOIA document injunction against the EOUSA and

16  USAO; and (3) a FOIA statement of compliance, document injunction, and

17  FOIA discovery against the FBI.[33]

18      Pick moved for partial summary judgment on November 16, 2020, with

19  respect to only his second and third claims for relief.[34]  Defendants opposed a

20  month later,[35] and Pick replied nine days after that.[36]  The Court held its first

21

22  [28]   February 2021 Status Report 2:18-27 & 3:15-16.

23  [29]   Pick's April 2021 Supplemental Brief 3:11-12.

    [30]   *Id*. at 3:13-17.

24  [31]   *See* July 2021 Status Report 3:22-23 (emphasis added).

25  [32]   September 2021 Status Report 6:7-8.

26  [33]   *See generally* Amended Complaint.

    [34]   *See generally* Motion.

27  [35]   *See generally* Opposition.

28  [36]   *See generally* Reply.

hearing on the Motion on January 8, and it conducted subsequent proceedings on August 25, November 19, and December 10.

Pick reached an informal resolution with the FBI and withdrew his claims against that agency on June 28.[37]  Accordingly, only Pick's second claim for relief remains at issue in in this Motion.[38]  On November 3, the parties jointly stipulated to dismiss Motorola without prejudice under Rule 41(a)(1) of the Federal Rules of Civil Procedure,[39] so that Pick could refile a separate, stand-alone action against Motorola, which he did shortly thereafter.  *See Pick v. Motorola Solutions, Inc.*, Case No. 21:2-cv-08702 (C.D. Cal.).[40]  Accordingly, the only defendants remaining in this action are the EOUSA and the USAO.

## II.  LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party.  *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991).  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).  The substantive law determines which facts are material.

---

[37]    Withdrawal Without Prejudice of the Motion as to Def. Federal Bureau of Investigation Only [ECF No. 51].

[38]    Thus, the Court **DENIES as moot** the Motion with respect to Pick's third claim for relief.

[39]    Joint Stipulation of Dismissal without Prejudice—FRCP 41(a)(1) [ECF No. 80].

[40]    Notice of Related Cases [ECF No. 81].

1    *Id.* at 248.  "Only disputes over facts that might affect the outcome of the suit

2    under the governing law will properly preclude the entry of summary

3    judgment."  *Id.*  Factual disputes that are "irrelevant or unnecessary" are not

4    counted.  *Id.*

5          It is generally recognized that summary judgment is a proper avenue for

6    resolving a FOIA claim.  *See, e.g.*, *Am. C.L. Union v. Fed. Bureau of Investigation*,

7    2013 WL 3346845, at *2 (N.D. Cal. July 1, 2013).  The Court may award

8    summary judgment solely on the basis of information provided by the

9    department or agency in affidavits when the affidavits describe "the documents

10   and the justifications for nondisclosure with reasonably specific detail,

11   demonstrate that the information withheld logically falls within the claimed

12   exemption, and are not controverted by either contrary evidence in the record

13   nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d

14   724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28

15   (D.C. Cir. 1973).

16   **B.    The Freedom of Information Act**

17         The fundamental purpose of the FOIA is to assist citizens in discovering

18   "what their government is up to."  *United States Department of Justice v.*

19   *Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).  The FOIA

20   strongly favors openness; Congress recognized in enacting the FOIA that an

21   informed citizenry is "vital to the functioning of a democratic society, needed to

22   check against corruption and to hold the governors accountable to the

23   governed."  *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

24         Under the FOIA, an agency may withhold documents responsive to a

25   FOIA request if the documents fall within one of nine enumerated statutory

26   exemptions.  *See* 5 U.S.C. § 552(b).  However, those nine categories of

27   exemptions are "limited," and they "must be narrowly construed."  *Dep't of*

28   *Air Force v. Rose*, 425 U.S. 352, 361 (1976).  The government agency ultimately

1    bears the burden to prove that a redacted or withheld document falls within one

2    of those exemptions.  *See Dobronski v. FCC*, 17 F.3d 275, 277 (9th Cir. 1994).

3    The government may submit affidavits to satisfy its burden, but "the

4    government 'may not rely upon conclusory and generalized allegations of

5    exemptions.'"  *Kamman v. IRS*, 56 F.3d 46, 48 (9th Cir. 1995) (quoting *Church*

6    *of Scientology v. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1980)).  The

7    government's "affidavits must contain 'reasonably detailed descriptions of the

8    documents and allege facts sufficient to establish an exemption.'"  *Id.* (quoting

9    *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987)).

## III.  DISCUSSION

### A.  Partial Summary Judgment

12    Defendants raise three arguments for why partial summary judgment is

13    inappropriate.  The Court evaluates and rejects each of Defendants' arguments

14    in turn, and it grants Pick's motion for partial summary judgment with respect

15    to his second claim for relief.

16    Defendants have already withheld some documents and will likely

17    withhold more, pursuant to statutory exemptions under the FOIA.  *See* 5 U.S.C.

18    § 552(b).  While the Court expects that some (or, perhaps, many) decisions to

19    withhold or redact documents may be meritorious, the onus now lies squarely on

20    Defendants to justify withholding any responsive documents from Pick.

### 1.  Timing

22    For more than a year, Defendants have argued that the Motion is

23    premature.[41]  Defendants would prefer to finish their review of potentially

24    responsive documents—producing some and withholding some, presumably on

25    their self-imposed timetables—before filing their own motion for summary

26    judgment.  *See, e.g.*, *Am. C.L. Union*, 2013 WL 3346845, at *1 (parties filed cross

---

[41]    *See* Opposition 8:11-11:19.

1  motions for summary judgment after the FBI produced some documents and

2  withheld others).  As discussed at length during the hearings, Defendants view

3  Pick's approach as atypical—a plaintiff's early summary judgment motion

4  upsets Defendants' expectations and desires regarding how FOIA disputes are

5  customarily litigated.

6         But as this Court signaled during those hearings and reiterates now,

7  Defendants' view is neither persuasive nor dispositive.[42]  The Federal Rules of

8  Civil Procedure necessarily govern this case, notwithstanding that Defendants

9  may be used to handling FOIA requests in their own way.  Those Rules clearly

10 provide that "a party may file a motion for summary judgment at any time until

11 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

12        Notwithstanding the plain text of that Rule, Defendants offer three

13 reasons for their position.  First, Defendants point to the Advisory Committee

14 Notes, which state that a motion for summary judgment is premature when the

15 responding defendant has not answered.[43]  But that argument is no longer

16 applicable here; Defendants answered nearly a year ago.[44]

17        Second, Defendants cite *Hornbostel v. U.S. Dep't of Interior*, 305

18 F. Supp. 2d 21 (D.D.C. 2003), an out-of-circuit case in which a district court

19 noted that a "lack of timeliness does not preclude summary judgment for an

20 agency in a FOIA case."[45]  *Id.* at 28.  But that case is inapposite because it stands

21 for the proposition that a lack of timeliness does not preclude the ***agency*** from

22 obtaining summary judgment in its favor.  Here, the FOIA plaintiff is the moving

23 party.  *Hornbostel* is a sword for the government, not a shield.

24

25 _____

26 [42]     *See* Tr. of Videoconference Proceedings via Zoom held on January 8, 2021
   ("January 8 Hearing") [ECF No. 78] 25:14-16.

27 [43]     Opposition 9:17-10:2.

   [44]     *See* Answer to Am. Compl. [ECF No. 29].

28 [45]     Opposition 7:25-8:4.

Third, in supplemental briefing, Defendants cite *Pinson v. U.S. Dep't of Just.*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013), ostensibly for the proposition that summary judgment is not ripe until the responding agency produces a *Vaughan* index.[46]  However, that case does not support Defendants' argument.  The procedural posture in *Pinson* was a motion for a preliminary injunction, wherein a *pro se* plaintiff moved for a *Vaughan* index, among other unusual forms of relief.  The *Pinson* court held that a "*Vaughn* index is not typically required until the Defendants must factually support a motion for summary judgment." *Id.*  In contrast, here the procedural posture is ***appropriate*** for a *Vaughan* index, but Defendants have not produced one.[47]

Additionally, during the hearings, Defendants insinuated that the agencies can move only so quickly, with their limited staff and resources.  While the Court is deeply sensitive to those realities—and considers them in formulating an appropriate remedy—the availability of USAO staff or resources is not relevant to Pick's ability to move for summary judgment under the Federal Rules of Civil Procedure, let alone his statutory rights under the FOIA.  *See generally* 5 U.S.C. § 552(b) (making no exemption for lack of agency resources).  Indeed, when an agency's FOIA program fails to produce "efficient and

---

[46]    July 2021 Status Report 8:8-25.  "A requester can move a federal district court for a *Vaughn* index [from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)] to compel the withholding agency to detail the redacted documents and to justify the elements in the record that have been exempted from disclosure." *Pinson*, 975 F. Supp. 2d at 32.

[47]    In their Opposition, Defendants also invoke *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), to support their argument that Pick's request for a *Vaughan* index should be denied.  Opposition 9:9-16; *see also* Amended Complaint 19:17-20.  *Landis* is broadly read to mean that the Court has inherent power to stay a proceeding in the name of judicial economy. *Landis*, 299 U.S. at 254.  But Defendants do not ask for a stay.  Furthermore, if Defendants were to request a stay of the proceedings, they would need to demonstrate that "exceptional circumstances" exist.  5 U.S.C. § 552(a)(6)(C)(i); *see generally Edmond v. U.S. Atty.*, 959 F. Supp. 1 (D.D.C. 1997).  Exceptional circumstances do not include "delay[s] that result[] from a predictable agency workload of requests . . . ."  5 U.S.C. § 552(a)(6)(C)(ii).

appropriate" results, current policy holds that those programs "should be reformed"—not that the FOIA requestor should be told to wait.  *See* Exec. Order No. 13392, 70 Fed. Reg. 75,373 § 1(c).

### 2.    General Dispute of Material Fact

Defendants' second contention is that a genuine dispute exists with respect to material facts.[48]  The Court disagrees.  The only material facts at this point are (1) whether Defendants improperly withheld any documents; and (2) whether any documents remain to be produced.  The Court finds in the affirmative on both:  Defendants concede that Pick has standing,[49] and they concede that thousands of pages of responsive documents remain unproduced.[50]  Furthermore, it is no answer that Defendants have produced documents in the interim.  A recalcitrant federal agency cannot defeat a motion for summary judgment simply by trickling out responsive documents.  Indeed, that would constitute the kind of "cat and mouse" delay tactics that the FOIA eschews and judicial economy abhors.  *Cf. Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Just.*, 823 F.2d 574, 580 (D.C. Cir. 1987) (warning that the statutory goals of FOIA can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request).

### 3.    Exemptions

Third, Defendants argue that they have not waived any FOIA exemptions.[51]  In response, Pick argues that *res judicata* from the OIP appeal essentially estops Defendants from raising new exemptions.  While the Court disagrees with Pick as a matter of law, that does not preclude the Court from granting summary judgment in his favor.

---

[48]    Opposition 11:20-12:15.

[49]    *See also id.* at 7:19-8:10 (implicitly acknowledging that Pick has standing).

[50]    September 2021 Status Report 6:7-8.

[51]    Opposition 12:16-13:9.

The FOIA makes clear that "[o]n complaint . . . the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions." 5 U.S.C. § 552(a)(4)(B).  Under Ninth Circuit law, a district court is not required to defer "to the agency's determination or rationale regarding disclosures." *Louis v. U.S. Dep't of Lab.*, 419 F.3d 970, 977 (9th Cir. 2005).  Furthermore, the court in *Louis* looked to *Young v. C.I.A.*, 972 F.2d 536, 538 (4th Cir. 1992), for the proposition that an agency does not waive exemptions prior to litigation in the district court.[52]  *Louis*, 419 F.3d at 978.  Pick attempts to downplay the Ninth Circuit's acceptance of *Young*, arguing that it is dicta because *Louis* was based on one of FOIA's self-executing exemptions.[53]  The Court disagrees in part; the Ninth Circuit's endorsement of *Young* was not couched on a specific exemption.  And while *Louis*'s endorsement of *Young* did occur in dicta, it is nonetheless persuasive authority for this Court.  Importantly, Pick cites no counter-authority for the proposition that agencies waive their exemptions at the administrative level.  His authorities support only the notion that agencies may not raise untimely exemptions on ***appeal*** to a circuit court, except in extraordinary circumstances.[54]  *See Maydak v. U.S. Dep't of Just.*, 218 F.3d 760, 769 (D.C. Cir. 2000) (admonishing an agency for playing "cat and mouse by withholding its most powerful cannon until after the District Court has decided the case and then springing it on surprised opponents and the

---

[52]    The Fourth Circuit reaffirmed *Young* in *Seldowitz v. Off. of Inspector Gen., U.S. Dep't of State*, 238 F.3d 414, 2000 WL 1742098, *5 n.4 (4th Cir. 2000). District courts in the D.C. Circuit have also endorsed *Young.  See, e.g., Sinito v. U.S. Dep't of Just.*, 2000 WL 36691372, at *16 (D.D.C. July 12, 2000), *aff'd in part sub nom. Sinito v. Dep't of Just.*, 22 F. App'x 1 (D.C. Cir. 2001) (noting that "an agency is not barred from invoking a particular exemption in litigation merely because that exemption was not cited in responding to the request at the administrative level"); *Kay v. F.C.C.*, 867 F. Supp. 11, 22 (D.D.C. 1994).

[53]    Reply 8:10-19.

[54]    *Id*. at 9:19-23.

1     judge"); *see also August v. Fed. Bureau of Investigation*, 328 F.3d 697, 701

2     (D.C. Cir. 2003) ("[n]othing in *Maydak* requires that we order disclosure solely

3     to deter the Government from playing cat and mouse games") (internal

4     quotations omitted).

5          That said, the Court finds nothing in the statute that gives Defendants a

6     right to reserve their exemptions after they have already answered.[55]  Moreover,

7     nothing in the case law that Defendants cite affords such an entitlement.  For

8     example, cases such as *Farmworkers Legal Servs. of N. Carolina, Inc. v. U.S. Dep't*

9     *of Lab.*, 639 F. Supp. 1368, 1371 (E.D.N.C. 1986), reiterate that the "relevant

10    cases universally hold that exemption defenses are not too late if initially raised

11    in the district court."[56]  But again, that holding applies in the context of an

12    appeal.  It says nothing about summary judgment.  In the normal course of a

13    motion for summary judgment, the nonmoving party must oppose the moving

14    party's arguments.  Otherwise, the court considers that the nonmoving party has

15    acceded to them.  *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th

16    Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to

17    motion for summary judgment).

18         Defendants' Opposition makes no mention of any exemption, nor do

19    Defendants maintain that the OIP erred.[57]  Even in their most recent papers,

20    Defendants make no argument for any exemption,[58] despite the fact that they

21

22   [55]       *But see Sciba v. Bd. of Governor of Fed. Rsrv. Sys.*, 2005 WL 758260, at *1
(D.D.C. Apr. 1, 2005) (summarizing relevant D.C. Circuit case law on FOIA

23   and finding that "[t]hese cases do not specify, as the plaintiff contends, that
FOIA Exemptions must be made in the answer to the complaint").

24   [56]       The general rule, as announced in *Maydak v. U.S. Dep't of Just.*, 218 F.3d
760, 764 (D.C. Cir. 2000), is that the agency "must assert all exemptions at the

25   same time, in the original district court proceedings."  But *Maydak* is silent
about when the time for asserting exemptions occurs.  Therefore, it does not

26   follow that a defendant agency may unilaterally, at its leisure, choose when to
raise exemptions.

27   [57]       *See generally* Opposition.

28   [58]       *See generally* September 2021 Status Report.

have already withheld at least 259 pages, in full or in part, on the basis of Exemptions 6 and 7(C).[59]  The Supreme Court has unequivocally stated that the burden is "on the agency to justify the withholding of any requested documents."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  Thus, Rule 56(d) is not a bar to ruling on summary judgment.  Defendants could have raised those exemptions with the most recent supplemental briefing—if not at the outset.  Defendants have had more than a year to ponder their Opposition to Pick's Motion.  They had an ample opportunity to raise and to argue the merits of any exemptions.[60]  Yet Defendants have not capitalized on those opportunities; they have not made a single argument justifying ***any*** exemption, despite actively withholding documents on the same grounds that the OIP rejected.[61]  The government cannot simply drag its feet indefinitely.

The Court finds it appropriate to **GRANT** Pick's Motion for Partial Summary Judgment.  This ruling, however, does not forever foreclose Defendants from raising new exemptions, as Pick would have it.[62]  But Defendants must file an appropriate motion and must justify any exemptions.  *See, e.g.*, *Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995) (holding that, in a FOIA case, the district court did not abuse its discretion for "declining to consider an argument raised for the first time on reconsideration without a good excuse" when it could have been heard on summary judgment); *Jud. Watch, Inc. v. U.S. Dep't of Energy*, 319 F. Supp. 2d 32, 34 (D.D.C. 2004) (affirming a district court's denial of a motion for reconsideration where the agency could have raised the issue of "presidential communications privilege in

---

[59]    *See id*. at 5:3-14.

[60]    *See* January 8 Hearing 16:4-5 (warning Defendants that the Court has limited patience).

[61]    Namely, Exemptions 6 and 7(C).  *See* Third Decl. of Justin P. Wilkinson [ECF No. 71-1] ¶¶ 30 & 31.

[62]    *See* Reply 7:24-8:2.

their motions for summary judgment, but chose not to").  The threshold for the Court to sustain a challenged exemption appears to be high.  *See, e.g.*, *Shapiro v. U.S. Dep't of Just.*, 2016 WL 3023980, at *4 (D.D.C. May 25, 2016) (holding that government would have to show its failure to raise a FOIA exemption earlier was due to an inadvertent error, some intervening change in law or fact, or that the consequences of not permitting an untimely assertion would be dire).  But the Court need not decide those issues now; it will await an appropriate motion from Defendants.

## B.    Balance of the Equities

Courts are afforded broad discretion in fashioning equitable relief.  "[T]he scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."  *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971).  "'The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case.  Flexibility rather than rigidity has distinguished it.'"  *Id.* (quoting *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

The Court makes several observations here.  Previously, the EOUSA represented to this Court that it had "set a goal of processing all of the records within 45 days of this filing," which means that the processing should have concluded by last April.[63]  The EOUSA first made that estimation during the hearing on January 8,[64] and then again in February.[65]  By May, that deadline had passed, but the requisite processing was not complete.  Accordingly, the parties jointly stipulated to a "final" continuance so that Defendants could complete

---

[63]    February 2021 Status Report 3:15-16.
[64]    January 8 Hearing 16:1-3.
[65]    February 2021 Status Report 3:15-16.

their review and document production.[66]  In August, the Court conducted yet another hearing, expressing deep concern "about the status and the government not meeting milestones it has set for itself."[67]  The Court requested a joint report that set forth each party's proposed milestones and benchmarks to dispose of Pick's FOIA request.[68]

In September, Defendants filed a unilateral report instead of a joint report, and the report itself was devoid of any milestones or benchmarks.[69]  Defendants also asked for at least 14 more months.[70]  Back in January 2021, the Court warned Defendants that the Court's patience would not extend as far as April.[71]  It is now more than a year later.  That said, the Court is mindful of the limited availability of governmental resources.  Accordingly, the Court finds it appropriate to order that any and all responsive material must be released to Pick by Friday, December 16, 2022.[72]  For any material in Defendants' possession, custody, or control that is responsive to Pick's FOIA request, Defendants must release it to Pick on an on-going basis as it is reviewed, with production due on the first Friday of every month.  If any responsive documents remain redacted or withheld after Defendants finish production on or before December 16, 2022, Defendants must file a motion for reconsideration explaining why any withheld material should be exempted from disclosure, per this Order.[73]

---

[66]    Joint Final Stipulation to Continue Hr'g on the Motion [ECF No. 44].

[67]    Tr. of Videoconference Proceedings via Zoom held on Aug. 25, 2021 [ECF No. 68] 33:20-23.

[68]    *Id*. at 34:8-13.

[69]    *See generally* September 2021 Status Report.

[70]    *Id*. at 6:7-8.

[71]    January 8 Hearing 16:4-5.

[72]    The Court reached this date by taking into account Defendants' declarations regarding the feasibility of production.  Accordingly, this production period assumes a rate of approximately 1,500 pages per month.

[73]    Defendants may avoid the necessity of a motion for reconsideration ***only if*** (1) Defendants do not withhold or redact any documents; ***or*** (2) Defendants withhold or redact some documents under a FOIA exemption ***and*** Pick accedes

Furthermore, as Defendants release materials to Pick, Defendants shall provide contemporaneous Status Reports to the Court and to Pick that explain why documents, if any, have been withheld, redacted, or deemed non-responsive.[74] Each Status Report will essentially be a preliminary *Vaughn* index or a privilege log, the latter of which commonly accompanies document production in discovery. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005). While Defendants might object that a *Vaughn* index is "not typically required" prior to a FOIA defendant moving for summary judgment,[75] that objection is no barrier in view of the Court's equitable discretion.

To be "crystal clear," the congressional objective of the FOIA is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," such that "nothing in the Act should be read to authorize withholding of information or limit the availability of records to the public, except as specifically stated . . . ." *Rose*, 425 U.S. at 361 (internal quotations omitted). Defendants should heed that message.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      The Motion with respect to Pick's second claim for relief is **GRANTED**.

2.      The Motion with respect to Pick's third claim for relief is **DENIED as moot**.

_____

to Defendants' decision to withhold or redact those documents. Defendants' anticipated motion for reconsideration may include a request to lodge with the Court the withheld or redacted documents for review *in camera*. *See* 5 U.S.C. § 522(a)(4)(B).

[74]    As discussed in the hearing on December 10, 2021, those reasons will be treated as non-binding and preliminary.

[75]    Opposition 11:10-14 (citing *Pinson v. U.S. Dep't of Just.*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013)).

3.      Defendants the Executive Office of the United States Attorney's Office and the United States Attorney's Office for the Northern District of Illinois are **DIRECTED** to produce to Pick on or before December 16, 2022, the following:

a.      All documents relating to Harold Pick that appear in Defendants' respective files for *USA v. Nicholas DeLuca*, Case No. 07-cr-771 (N.D. Ill.);

b.      All documents relating to *USA v. 10916 La Cienega*, Case No. 2:04-mj-00303-UA (C.D. Cal.) and Case No. 2:04-mj-00303 (C.D. Cal.);

c.      All documents evidencing the disposition, storage location, or destruction of the computers, radios, files, papers, and other tangible objects seized in the execution of the warrant in *USA v. 10916 La Cienega*, Case No. 2:04-mj-00303-UA (C.D. Cal.) and Case No. 2:04-mj-00303 (C.D. Cal.).

4.      Defendants are **DIRECTED** to make their periodic, on-going, monthly production of documents to Pick no later than 12:00 noon on the first Friday of each calendar month, starting with March 4, 2022.  Additionally, two weeks after each monthly production, Defendants shall file a Status Report with the Court (and make available a copy to Pick) detailing, on a preliminary and non-binding basis, the reasons why certain pages or materials were withheld, redacted, or deemed non-responsive.  The first of these Status Reports is due no later than 12:00 noon on March 18, 2022.  That first Status Report shall cover all documents that Defendants have reviewed to date.  Subsequent monthly Status Reports need address only those documents that Defendants have reviewed since the previous production.  Defendants are **DIRECTED** to file monthly Status Reports until all production is complete.

5.      The parties are **DIRECTED** to appear at a Status Conference on the fourth Friday of every month, starting with a video Status Conference on Friday, March 25, 2022, at 11:00 a.m.  The purpose of these Status Conferences is to assess Defendants' progress.

6.      The parties' counsel are **DIRECTED** to meet and confer no later than January 6, 2023, to discuss in detail Defendants' basis for withholding or redacting any responsive documents.  After that conference of counsel, if Defendants desire to withhold or redact any responsive documents without Pick's consent, then Defendants must file a motion for reconsideration seeking the Court's authorization for them to continue to do so.  Defendants' anticipated motion for reconsideration is due no later than February 3, 2023.  Pick's Opposition to that motion is due no later than February 17, 2023, and Defendants' optional reply in support of that motion is due no later than March 3, 2023.  Defendants are **DIRECTED** to set their anticipated motion for reconsideration for hearing at 9:00 a.m. on March 24, 2023.

7.      The video Status Conference set for February 25, 2022, at 11:00 a.m. is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 10, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE